IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DEREK SCOTT, and THE ESTATE OF ROBERT D. SCOTT, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>ROY ODUM, et al., <br><br>　　　　Defendants. | CIVIL ACTION NO.: 5:23-cv-43 |

## REPORT AND RECOMMENDATION

Plaintiff Derek Scott submitted a Complaint, in which he alleges Defendants violated his son's constitutional rights while his son was housed at Ware State Prison in Waycross, Georgia. Doc. 1. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiffs' claims against Defendants Odum, Wicker, Stubbs, and Baker. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service by separate Order of Plaintiff's Eighth Amendment failure to protect claims against Defendants Bytnar, Carter, Griner, James, Parks, Sells, Smith, Steedley, Steele, and Turner.

### PLAINTIFFS' CLAIMS[1]

Plaintiffs, proceeding pro se, bring this action under 42 U.S.C. § 1983 for alleged violations of decedent Robert D. Scott's constitutional rights. Plaintiffs allege Robert Scott was sexually assaulted and beaten to death with a broom while he was incarcerated at Ware State Prison in Waycross, Georgia, on May 26, 2021. Doc. 1 at 2–3. Plaintiffs allege correctional

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

officers locked Defendant Stubbs in Robert's cell with him, even though Stubbs was not Robert Scott's cellmate and Robert Scott feared for his life. Id. at 3. Plaintiffs allege Defendant Stubbs beat Robert Scott to death. Id. Plaintiffs state they later discovered Defendant Baker, another inmate, was also involved in this crime. Id.

Plaintiffs make several allegations against Defendant Roy Odum, the Warden of Ware State Prison. Plaintiffs allege Defendant Odum had a custom or policy of failing to provide inmate safety. Id. Plaintiffs allege Defendant Odum assured Robert Scott's family Stubbs would be prosecuted, but Stubbs was not prosecuted. Id. Defendant Odum and other officials have failed to give Robert's family all the information they seek about the investigation into Robert Scott's death. Id.

Plaintiffs request the prosecution of Defendant Stubbs and Baker for murder, declaratory relief, and compensatory and punitive damages. Id. at 4.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by plaintiffs proceeding *in forma pauperis* 28 U.S.C. §§ 1915A(a), 1915(e). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiffs' unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**I.      Failure to State a Claim Against Defendants Odum and Wicker**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Plaintiffs fail to describe how Defendants Odum and Wicker were involved in the decision to place Robert Scott in a cell with his attackers. The only allegation Plaintiffs make against Defendant Wicker is he is "legally responsible for the operation of Ware State Prison and the welfare of all inmates." Doc. 1 at 3. This allegation does not provide even minimal particularity about how these Defendants' overt acts caused any legal wrong.

To the extent Plaintiffs seek to hold Defendants Odum and Wicker liable for the acts of their subordinates without alleging any personal involvement, Plaintiffs' claims also fail. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious

3

liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiffs must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiffs have not alleged Defendant Odum or Wicker participated in the events forming the basis of any of Plaintiffs' claims. Moreover, Plaintiffs have not proffered any reason to support the conclusion Defendants Odum or Wicker violated any of Plaintiffs' (or Robert Scott's) constitutional rights.

Similarly, Plaintiffs fail to allege a "causal connection" between Defendants Odum and Wicker and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Plaintiffs have not made the necessary showing with respect to Defendants Odum or Wicker. Plaintiffs make a conclusory

4

allegation Defendant Odum had a custom or policy of failing to provide inmate safety. Plaintiffs fail to allege particular, sufficient facts about an improper custom or policy.

Plaintiffs' claim that Defendants Odum and Wicker failed to prosecute or investigate an inmate for Robert Scott's death does not state a cognizable constitutional violation. "A private citizen has no judicially cognizable interest in the prosecution of another." Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). There is no constitutional right to a state investigation. Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002); see also Smith v. Jones, No. 5:21-CV-224, 2022 WL 2119548 (N.D. Fla. May 19, 2022) ("A prison or other public official has no affirmative constitutional duty to a prisoner (or member of the public) to investigate an alleged crime." (collecting cases)), report and recommendation adopted, 2022 WL 2209328 (N.D. Fla. June 21, 2022). Accordingly, I **RECOMMEND** the Court **DISMISS** Defendants Odum and Wicker.

II.     **Failure to State a Claim Against Defendants Stubbs and Baker**

To state a claim for relief under § 1983, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Consequently, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotations omitted) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999)). However, a private actor may qualify as a "state actor" for purposes of § 1983 if one of three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test');

(2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]' ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Communications Workers of Am., 860 F.2d 1022, 1026–27 (11th Cir. 1988)).

Plaintiffs do not any allegations concerning Defendants Stubbs and Baker suggesting these Defendants would qualify as state actors. Based on Plaintiffs' allegations, Defendants Stubbs and Baker are purely private persons whose actions were not compelled by the State, a traditional public function, or part of a joint enterprise with the State. Their purely private conduct, however abhorrent, is simply not actionable under § 1983. See Focus on the Family, 344 F.3d at 1277; see also Lamb v. Gunderson, Civil Action No. CV208-61, 2008 WL 4724818, at *1 (S.D. Ga. Oct. 24, 2018) (citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994) ("A § 1983 action alleging a procedural due process clause violation requires proof of . . . state action[.]")); Farrior v. H.J. Russell & Co., 45 F. Supp. 2d 1358, 1367 (N.D. Ga. 1999) (noting § 1983 requires state action). Therefore, no § 1983 claim can be brought against Defendants Stubbs and Baker. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiffs' claims against Defendants Stubbs and Baker.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiffs' claims against Defendants Odum, Wicker, Stubbs, and Baker. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service by separate Order of

Plaintiff's Eighth Amendment failure to protect claims against Defendants Bytnar, Carter, Griner, James, Parks, Sells, Smith, Steedley, Steele, and Turner.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 20th day of November, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA